## Abstract of the Decision.

1. BUILDING AND CONSTRUCTION CONTRACTS, § 16*—*when construed as for benefit of third persons*. A written contract entered into by the defendants primarily to secure their loan to a building contractor, whereby they agreed to complete a building under construction "free from mechanics' liens and save the contractor harmless from all claims for material and labor," construed to be one for the benefit of a third party who had furnished material and labor for the building, and entitling him to sue thereunder.

2. CONTRACTS, § 347*—*when subcontractor may sue on contract*. Where a manufacturer's agent has bought from his principal and paid for goods which he subsequently sells to a building contractor with whom the defendant has entered into a contract to complete the building in the process of construction free from mechanics' liens and save the contractor harmless from all claims for material and labor, such agent can bring suit in his own name against the defendant on such contract.

Ernest Wasmuth, Appellee, v. Frank Lloyd Wright, Appellant. ·

Gen. No. 21,336.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. JAMES C. MARTIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Affirmed. Opinion filed June 1, 1916.

### Statement of the Case.

Action by Ernest Wasmuth, plaintiff, against Frank Lloyd Wright, defendant, on a promissory note. From a judgment for plaintiff, defendant appeals.

In this case judgment was entered by default for plaintiff after the court had stricken defendant's affidavit of merits from the files and he had failed to file another within the time allowed.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

The only question argued and presented was whether such affidavit showed a legal defense.

Plaintiff's original statement of claim rested on a promissory note dated August 28, 1913, and an account. Defendant's original affidavit of merits set up a defense to part of the account, and admitted execution and delivery of the note, but claimed it was given pursuant to the terms of certain agreements entered into between the parties hereto in 1909 and 1911 respectively, which provided that the title to certain personal property should remain in defendant. It further alleged that plaintiff had failed to deliver said property to defendant, and that therefore the consideration for the notes had partly failed, and would fail entirely unless plaintiff delivered such property to defendant.

Thereupon plaintiff filed an amended statement of claim which in effect stated a cause of action on the note alone. But it unnecessarily set forth the consideration of the note. To that end it alleged that the parties had entered into two settlement agreements whereby they had adjusted disputes that had arisen between them over the agreements of 1909 and 1911, alluded to in defendant's affidavit of merits, and that said note was one of several executed and delivered pursuant to the settlement agreements.

To the amended claim defendant filed another affidavit of merits, setting up, in substance, the same defense as in the original affidavit of merits, and stating that said settlement agreements adjusted only such matters as were then in dispute and that no dispute had then arisen as to the title to said personal property, and that "it was understood" that defendant's said property would be returned to him, and that defendant did not discover that such property had not been returned to him until after the execution of the settlement agreements, believing however that it had been. The affidavit then set up grounds by way of

excuse for his failure to make such discovery, and claimed a total failure of consideration for the notes, but offered to pay the balance due on said note upon the return of said property to him.

SHERMAN M. BOOTH, for appellant.

ELBERT C. FERGUSON, for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1. MUNICIPAL COURT OF CHICAGO, § 13*—*when statement of claim in action on promissory note sufficient.* In an action on a promissory note, it is unnecessary to set forth the consideration therefor in the statement of claim.

2. MUNICIPAL COURT OF CHICAGO, § 13*—*when statement of claim sets up cause of action on note only.* A statement of claim setting up a promissory note given the plaintiff by the defendant and alleging that the parties had entered into settlement agreements whereby they had adjusted disputes arising out of certain prior agreements and that the note was one of several executed and delivered pursuant to the settlement agreements, *held* to state a cause of action based on the note only.

3. MUNICIPAL COURT OF CHICAGO, § 13*—*when affidavit of merits does not state legal defense to action on promissory note.* To a statement of claim, based on a promissory note given the plaintiff by the defendant, alleging that the consideration for such note was the adjustment by settlement agreements of disputes growing out of prior agreements, an affidavit of merits admitting the execution and delivery of the note but claiming that the settlement agreements adjusted only such matters as were then in dispute, that no dispute had then arisen as to title to certain personal property which "it was understood" would be returned to the defendant, that he did not discover that such property had not been returned to him until after the execution of the settlement agreements but believed that it had been, setting up grounds by way of excuse for failure to make such discovery, claiming a total failure of consideration and offering to pay the balance due on

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

said note upon the return of the property, *held* not to state a legal defense.

4. WORDS AND PHRASES—*what is justice.* Justice, as administered by the courts, is not something separate and apart from the legal or equitable principles on which it rests.

Minnie Hoffman, Administratrix of the Estate of Jacob Hoffman, Deceased, Appellee, v. Knisely Brothers, Appellant.

## Gen. No. 21,359.

1. WORKMEN'S COMPENSATION ACT, § 11*—*when death of employee is accident arising out of and in course of employment.* Where an employee, on leaving a building after quitting work there for the day, is killed by falling down a stairway therein, the accident is one arising out of and in the course of employment within the meaning of the Workmen's Compensation Act of 1911 (J. & A. ¶ 5449 *et seq.*), entitling his administratrix to compensation therefor.

2. WORKMEN'S COMPENSATION ACT, § 3*—*when employer subject to.* Employer becomes subject to the Workmen's Compensation Act of 1911 (J. & A. ¶ 5449 *et seq.*), without any affirmative act on his part in the absence of an election not to be bound thereby.

3. WORKMEN'S COMPENSATION ACT, § 4*—*when employee within act.* Employee becomes subject to Workmen's Compensation Act (J. & A. ¶ 5449 *et seq.*), without any affirmative act on his part in absence of election not to be bound thereby.

4. WORKMEN'S COMPENSATION ACT, § 12*—*when fact that employee not under matter of defense.* In a proceeding for compensation under the Workmen's Compensation Act of 1911 (J. & A. ¶ 5449 *et seq.*), that the employee is not bound by such act, is a matter of defense.

5. WORKMEN'S COMPENSATION ACT, § 12*—*when evidence sufficient to sustain award.* In a proceeding for compensation for death under the Workmen's Compensation Act of 1911 (J. & A. 5449 *et seq.*), evidence *held* to make out a prima facie case for an award and to support the inference that the deceased lost his balance from walking over loose blocks of wood on a stairway.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.